963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Velma M. DIEBOLD, Appellee,
v.
Charles F. HICKMAN, Appellant.
 No. 91-2572EA.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: March 12, 1992.
Filed: May 18, 1992.
 
 Before WOLLMAN, MAGILL, Circuit Judges, and LONGSTAFF,* District Court Judge.
 PER CURIAM.
 
 I. BACKGROUND
 
 1
 Charles Hickman appeals from an adverse judgment in a legal malpractice action brought by Velma Diebold, a former client.
 
 
 2
 Hickman was retained by Diebold to defend her in an Arkansas action brought to collect a promissory note. He failed to answer Requests for Admissions or prepare for trial and did not notify Diebold of the trial date. Hickman asked another attorney to appear for him on the scheduled trial date to move for a continuance and for permission to withdraw as counsel. The motion for continuance was denied, but Hickman was permitted to withdraw his representation of Diebold. The case proceeded to trial, and judgment was entered against Diebold in the amount of $156,905.51, plus interest, attorney's fees and costs.
 
 
 3
 Diebold then filed a legal malpractice action against Hickman in federal district court. The parties consented to trial before a Magistrate Judge[1], and the jury returned a verdict in favor of Diebold in the amount of $72,500.00. This appeal followed.
 
 II. DISCUSSION
 
 4
 Appellant asserts several points of error on appeal. He alleges that (1) there was insufficient evidence to allow the jury to consider Diebold's defenses of lack of capacity and duress, (2) Diebold's other defense improperly collaterally attacked a final judgment, (3) Diebold was collaterally estopped from raising these defenses and (4) the district court's jury instructions regarding attorney malpractice were erroneous.
 
 A. Insufficient Evidence
 
 5
 Appellant contends there was insufficient evidence for the jury to determine if Diebold lacked capacity to execute the promissory note or whether she signed the note under duress.
 
 
 6
 When reviewing a grant or denial of a motion for directed verdict, an appellate court must view evidence in a light most favorable to the party opposing the motion, and substantial evidence must support a verdict in favor of that party. Jackson v. Prudential Ins. Co. of America, 736 F.2d 450, 453 (8th Cir. 1984).
 
 
 7
 In reviewing the record, we find there was substantial evidence on both the question of capacity and duress, and the district court properly submitted both claims to the jury.
 
 B. Collateral Attack
 
 8
 Appellant also contends that the district court improperly permitted a collateral attack on a final judgment by allowing the jury to decide whether a portion of the note represented a civil debt rather than criminal restitution.
 
 
 9
 We disagree. Offering that defense in the present case does not collaterally attack the validity of the criminal judgment of restitution.
 
 C. Collateral Estoppel
 
 10
 In her post trial motion seeking to set aside the state court judgment, Diebold raised the defenses of lack of capacity, duress, and fraud or misrepresentation. The motion was denied. Appellant argues Diebold is collaterally estopped from raising these defenses in the federal malpractice action.
 
 
 11
 Collateral estoppel exists when (1) the issue sought to be precluded is the same as that involved in the prior litigation; (2) that issue has been actually litigated; (3) it has been determined by a valid and final judgment; and (4) the determination was essential to the judgment. Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983).
 
 
 12
 We conclude that the state court decision declining to set aside the judgment entered against Diebold on the promissory note is not preclusive and does not bar presenting these matters in her federal malpractice suit.
 
 D. Jury Instructions
 
 13
 Finally, appellant contends the trial court erred in its jury instructions regarding attorney malpractice. He claims the court after correctly stating the applicable Arkansas law on legal malpractice, gave an additional instruction which created a new theory of recovery for plaintiff.
 
 
 14
 In Choholis v. Cessna Aircraft Co., 760 F.2d 901, 904-05 (8th Cir. 1985), we held that a trial court's rulings would not be disturbed on appeal as long as the instructions as a whole adequately set forth the applicable law. After careful review, we find no error in the district court's instructions to the jury.
 
 III. CONCLUSION
 
 15
 We have reviewed the record and find no error in the district court's judgment. The judgment is affirmed.
 
 
 
 *
 The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable John F. Forster, United States Magistrate Judge for the Eastern District of Arkansas